TONY AQUITANTO
vs.
ERNEST SUPERNEAU

Superior Court    New London County    File #10781
Present: Hon. ALLYN L. BROWN, Judge.

Samuel Gruskin,                    Attorney for the Plaintiff.
Brown & James,                     Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 18, 1935.

BROWN, J.   Of the four grounds set forth in the defend-ant's motion, his counsel by his argument claimed to be en-titled to relief on the first and second only, .to wit: that the "verdict is against the evidence" and is against the law."

His claim upon the first ground is limited by his argument, to the contention that though there is a conflict of evidence as to just where within the intersection of these two roads the collision between the car of the defendant and the motorcycle of the plaintiff occurred, the jury should have found as con-tended by the defendant, and ergo, the plaintiff must have been contributorily negligent.   This claim very properly was fully argued to the jury by the defendant during the trial, and the jury by its verdict found against the defendant's conten-tion.   Upon all of the evidence, I am abundantly satisfied that it properly so found.   Were I led to the opposite conclusion, the defendant's argument in support of this motion would still be without merit. This disputed question of fact upon con-flicting evidence was one solely for the jury's determination.

The defendant's claim upon the second ground was similarly limited, to claimed error in the Court's charge as to the law concerning head lights, the claim being that it gave "no ade-quate explanation in this regard".   This criticism is confined to such explanation with relation to the head lights upon the plaintiff's motorcycle.   The undisputed evidence was that though this collision occurred at about 11:00 P. M., it was a bright moonlight night, the locus was further very fully il-luminated by the many electric lights of ·a gasoline filling station in the point between these intersecting roads, and that both headlights of the defendant's car were brightly burning. The only conflict of evidence on this feature of the case was as to whether the plaintiff had any head light burning upon his motorcycle.   The plaintiff's evidence was that there were twin headlights brightly burning attached to his handlebars before the crash, and that thereby one of them was smashed and the other was still burning after.   The defendant's only evidence upon this issue was that there was no head light burning upon the motorcycle either before or after the acci-

dent. Upon the issue so presented the Court concluded that any quotation from the statute or explanation thereof was unnecessary and superfluous, and so omitted it. At the conclusion of the charge, however, counsel for the defendant orally suggested that the court hadn't referred to the conflicting claims as to headlights. The Court then charged the jury further thereon as appears in the charge. It is my conclusion that this sufficiently and fully covered this issue which the jury had to determine.

The motion to set aside the verdict is denied.